E-FILED
Friday, 29 June, 2012   11:01:00 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MALIBU MEDIA, LLC,                )
                                  )
            Plaintiff,            )     12-2159
                                  )
      v.                          )
                                  )
JOHN DOES 1-14,                   )
                                  )
            Defendants.           )

ORDER

The plaintiff, Malibu Media, LLC, has commenced this action against the defendants, John Does 1-14.[1] The Doe defendants are identified only by Internet Protocol (IP) address, which is a unique numerical identifier assigned by the Internet Service Provider (ISP) (*e.g.*, Comcast) to a device (computer, tablet, smart phone, etc.) which is connected to the Internet.

Malibu Media alleges that the Doe defendants violated the Copyright Act of 1976, as amended, 17 U.S.C. § 101 *et seq.*, by sharing a "motion picture" entitled "Like the First Time," which is owned by Malibu Media. The "motion picture" is actually a digital file that was uploaded and copied by multiple Internet users through the use of peer-to-peer file-sharing software. The fourteen Doe defendants are alleged to have participated in a "swarm" to upload and download the same "motion picture." Each of the "swarm" members receives pieces of the digital file, and as they receive each piece they are able to share it with others until the full "motion picture" is received. All fourteen Doe defendants are alleged to have acted together to share parts of the "motion picture" that they received through the "swarm."

Malibu Media has filed a motion for leave to serve third party subpoenas [2].

This case differs slightly from a case filed in this court in 2011. *VPR Internationale, Inc. v. Does 1-1017*, Case No. 11-2068 (C.D. Ill.), was a purported "reverse class action" case. Some of the 1,017 Doe defendants were believed to reside in this district. The plaintiff filed a motion for expedited discovery to obtain the subscribers' personal information, which the court denied. Malibu Media has not invoked Fed. R. Civ. P. 23. It has ascertained through a company based in Germany that the IP addresses of the fourteen Does are in cities within the Central

---

[1] The complaint, docketed as an amended complaint [1], was filed on June 14, 2012. The filing fee was not paid until June 26, 2012.

District of Illinois.[2]  The German company can identify IP address, city and state, date, time, and ISP.  The German company cannot, however, determine the name of the subscriber (the person who contracts with the ISP for Internet service).  To obtain the needed information, Malibu Media must secure the information from the ISP.  Therefore, it cannot name any of the Doe defendants until it receives the information through service of a subpoena on the ISP.

Fed. R. Civ. P. 26(d)(1) prohibits a party from "seek[ing] discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." In this case, Malibu Media's only option is a court order; no other exception applies.

Malibu Media wants to put the cart before the horse. The Federal Rules of Civil Procedure contemplate discovery within the adversarial process, and in this case there is no adversary until and unless Malibu Media engages in discovery.

The fact is that the subscribers are not necessarily the copyright infringers. Carolyn Thompson writes in an MSNBC article of a raid by federal agents on a home that was linked to downloaded child pornography.  The identity and location of the subscriber were provided by the ISP. Agents raided the home and seized the desktop computer, iPhones, and iPads of the homeowner and his wife. The agents returned the equipment after determining that no one at the home had downloaded the illegal material. Agents eventually traced the downloads to a neighbor who had used multiple subscribers' Wi-Fi connections (including a secure connection from the State University of New York). *See* Carolyn Thompson, *Bizarre Pornography Raid Underscores Wi-Fi Privacy Risks* (April 25, 2011), http://www.msnbc.msn.com/id/42740201/ns/technology_and_science-wireless/.

The ISP subscriber need not be an individual.  It might be a library, an airport terminal, or the local Starbucks.  Where the subscriber is an individual, the correlation is far from perfect, as discussed in the MSNBC article. The infringer might be someone in the subscriber's household, a visitor with a laptop or iPhone, a neighbor, or someone parked on the street at any given moment.

In *VPR*, the court noted that in cases involving adult content, expedited discovery could be used to wrest quick settlements from people who have done nothing wrong.  The embarrassment of public exposure might be too great, the legal system too daunting and

---

[2] Seven of the fourteen Does are in the Urbana Division; five are in the Peoria Division; one in the Rock Island Division; and one in the Springfield Division.  Coincidentally, four cases involving other "motion pictures" were filed in either Springfield or Peoria on the same day by the same attorney.  Although the title "Like the First Time" is not revealing, the "motion picture" titles in other cases are more suggestive.  *See, e.g.*, *Malibu Media, LLC v. John Does 1-13*, 12-3160 (C.D. Ill.), d/e 1-2.

expensive, for some to question whether the plaintiff had competent evidence to prove its case. *See VPR*, d/e 15.  In *Pacific Century Int'l, Ltd. v. Does 1-129*, 5:11-cv-03681 (N.D. Cal.), the plaintiffs obtained leave to expedite discovery and subpoenaed the ISPs.  The law firm then demanded settlements from subscribers of as much as $3,400.00.  Payment could be made by check, money order, bank draft, or credit card, using a convenient form sent with the settlement demand.[3]  Eight months after the lawsuit was filed, the plaintiff filed a notice of voluntary dismissal without ever naming a single Doe defendant.

The motion for leave to serve third party subpoenas prior to a Rule 26(f) conference [2] is denied.

Entered this 29th day of June, 2012.

**s/Harold A. Baker**
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE

---

[3]   *See* http://www.scribd.com/doc/76434042/Pre-Nda-Halloween-Scare